OPINION
STATEMENT OF THE FACTS
On May 20, 2000, Appellant was picked up the Delaware County Police Department on an outstanding warrant for a probation violation. A pat-down search was conducted on Appellant prior to placing him in the police cruiser. Said pat-down search produced a utility knife, which Appellant had in his pocket. A subsequent pat-down search, which was conducted at the Delaware County Jail during the booking process, produced nothing unusual. After completion of the booking process, Appellant was placed in a holding cell for approximately forty-five minutes. Appellant was alone in said holding cell. Appellant was next escorted to the showers. During the walk to the showers, the officer who was escorting the appellant noticed that appellant had something protruding from his buttocks. After repeated inquiries, Appellant removed a baggie, which was later stipulated to as containing marijuana, from his anal cavity where he had hidden same.
 STATEMENT OF THE CASE
On July 14, 2000, Appellant was indicted on one count of Illegal Conveyance of Drugs onto Grounds of a Detention Facility, in violation of R.C. § 2921.36(A)(2). Appellant waived his right to a trial by jury and this matter was tried to bench on September 20, 2000. The Appellant was found guilty and on October 18, 2000, was sentenced to a term of incarceration of eleven (11) months. On October 24, 2000, Appellant filed his notice of appeal in this matter, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO SUSTAIN THE APPELLANT'S CONVICTION OF CONVEYING CONTRABAND INTO A DETENTION FACILITY.
 II. THE VERDICT OF GUILTY AS TO THE CHARGE OF CONVEYING CONTRABAND INTO A DETENTION FACILITY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
In his first and second assignment of error, Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus. When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1. We find there was competent, credible evidence to support the trial court's conclusion that Appellant conveyed marijuana into the detention facility. Revised Code § 2921.36(A)(2) provides: (A) No person shall knowingly convey or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any of the following items. * * *
* * *
(2) Any drug of abuse, as defined in Section 3719.011 [3719.01] of the Revised Code; In State v. Snead, 96 CA 37, 1997 WL 219094, this Court addressed the issue of what constitutes conveyance for purposes of this statute. In Snead, we found that the state satisfied the elements of R.C. 2921.36(A)(2) by establishing that appellant conveyed the package from the women's restroom, open to the public that visited the institution, into the area where the inmates are confined. We found this act by appellant constituted "conveyance" within the meaning of R.C.2921.36(A)(2). In the case sub judice, the State produced evidence that the Appellant was found to have a small baggie containing marijuana hidden on person when he was walking toward the showers at the Delaware County Jail. (T. at 23). Appellant was in police custody constantly from the time he was picked up to the time he was found with the baggie containing marijuana. He was also alone while in the holding cell. (T. at 24). This evidence provided both sufficient and competent, credible evidence to support the trial court's conclusion that Appellant conveyed said contraband into the jail. Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
 ___________ Boggins, J.
Wise, J. and Edwards, P.J. concur.